United States District Court
Southern District of Texas
**ENTERED**
September 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS GABRIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-02574 |
| | § | |
| ICON BURGER ACQUISITION LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Icon Burger Acquisition LLC ("Icon"), motion for summary judgment (Dkt. No. 21). The plaintiff, Thomas Gabriel ("Gabriel"), has filed a response to the defendant's motion (Dkt. No. 24), and the defendant has filed a reply (Dkt. No. 26). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **DENIED**.

**II.   FACTUAL BACKGROUND**

Gabriel began working for Smashburger in 2017 as a District Manager and was promoted several times due to his strong performance. By 2020, he became Senior Director of Operations, overseeing 32 locations; and, in 2021, he was promoted to Vice President of Operations for the West Region, supervising 79 locations and over 200 employees. Under his leadership, the West Region outperformed the East Region in 2022 in both sales and profits, despite facing more operational challenges and lower menu pricing.

In 2022, Senior Vice President Toni Bianco made multiple comments about Gabriel's subordinate, Robert Negrete (age 63), suggesting he was close to retirement and ineffective due to age. Witnesses in HR allegedly confirmed the comments were inappropriate and potentially discriminatory, but no formal investigation was opened. Gabriel, age 61, himself, complained internally that Bianco's comments constituted age discrimination and asked whether the same views applied to him.

Following Gabriel's complaints, he was reprimanded by Bianco and placed on a Performance Improvement Plan (PIP) in October 2022. In November 2022, Gabriel was required to terminate Negrete, which Gabriel opposed, believing it was age-based. Negrete was 63 years old at the time. Shortly thereafter, Gabriel was allegedly offered either a demotion or severance.

On December 1, 2022, Gabriel submitted a written complaint alleging age discrimination against himself. No investigation followed. Therefore, in January 2023, Gabriel filed an EEOC charge. Later that month, he was included in a Reduction in Force (RIF) directed by Bianco, and his employment was terminated. HR allegedly acknowledged concerns about including Gabriel in RIF, given his discrimination complaints. Gabriel filed this lawsuit asserting claims of age discrimination and retaliation.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## IV.   ANALYSIS & DISCUSSION

Gabriel has presented sufficient evidence to establish genuine disputes of material fact on both his age discrimination and retaliation claims. Under the well-established burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), once a plaintiff establishes a prima facie case of discrimination, the burden of persuasion shifts to the employer to provide a legitimate, non-discriminatory reason for the adverse action. The burden to overcome the employer's reason for its actions then shifts back to the plaintiff to show that the stated reason for the adverse action is pretextual. However, at the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant and resolve all reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

a. Age Discrimination Claim

Gabriel's evidence and arguments are sufficient under both state and federal law to overcome the defendant's motion for summary judgment. Chapter 21 of the Texas Labor Code. He was 61 years old when terminated, was qualified for his position based on years of service and his documented years of success. Moreover, he was discharged under circumstances giving rise to an inference of discrimination as he had complained about age discrimination on behalf of one of his subordinates and then, within the range of suspicion, was terminated himself.

Specifically, Gabriel's supervisor, Bianco, repeatedly referred to him as "Grey Goose" and openly questioned the retirement plans of another older employee. Courts recognize that

discriminatory remarks by decisionmakers, especially when proximate in time to an adverse action, can serve as probative evidence of bias. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 225 (5th Cir. 2000). The evidence also shows his region outperformed others in both sales and profit, even under more challenging circumstances. A factfinder could conclude that the stated reasons for his termination were pretextual.

Finally. The evidence shows that the one employee under 40 was retained and reassigned, while Gabriel and another older employee were discharged. These facts, when taken together, create a genuine issue of material fact as to whether Gabriel was discharged because of his age.

    b.  Retaliation Claim

Gabriel has also raised fact issues sufficient to preclude summary judgment on his retaliation claim. Gabriel repeatedly complained internally about age discrimination, including in a December 1, 2022, written complaint, and in his EEOC charge on January 6, 2023. These actions constitute protected activity under federal law and the Tex. Lab. Code § 21.055. Within weeks of his complaints Gabriel was terminated. Temporal proximity between protected activity and adverse action is relevant evidence. Bianco, the subject of Gabriel's complaints, and the supervisor to whom Gabriel complained, was involved in the decision to terminate Gabriel. HR acknowledges receipt of Gabriel's complaints but failed to investigate the matter or take measures to prevent retaliation. A jury could reasonably conclude that Gabriel's termination was linked to his opposition to discriminatory conduct.

The performance issues cited as justification for Gabriel's termination are disputed and, according to Gabriel, fabricated or exaggerated. Disputed performance evidence combined with close temporal proximity and direct involvement of the alleged discriminator is sufficient to create a fact issue for trial. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 685 (5th Cir. 2001).

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on September 30, 2025, at Houston, Texas.

                                                  Kenneth M. Hoyt
                                                  United States District Judge