## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS GABRIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 4:23-CV-02574 |
| | § | |
| ICON BURGER ACQUISITION LLC, | § | |
| | § | |
| Defendant. | § | |

## INSTRUCTIONS TO THE JURY

The following instructions were presented to the jury on the _19th_ day of _December_, 2025.

Signed this _19_ day of _December_, 2025.

_Kenneth M. Hoyt_
Kenneth M. Hoyt
**United States District Judge**

1

## INTRODUCTION

You have heard the evidence in this case. I will now instruct you on the that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of this trial or make in these instructions as an indication that I have any opinion about the facts of this case. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.

In that regard, the statements and arguments of the attorneys are not evidence and do not constitute legal instructions. They are intended only to assist you in understanding the evidence and the parties' contentions. What the lawyers say is not evidence.

In the verdict form that I will explain in a moment, you will be asked to answer some questions about the fact issues in this case. Please answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions. Remember, your answers and your verdict must be unanimous.

You must answer all questions from a "preponderance of the evidence." By this is meant the greater weight and degree of credible evidence. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely than not. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may consider the testimony of

2

all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witnesses' testimony. An essential part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.

When making that decision, I suggest asking yourself a few questions: Did the witness seem honest to you? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the plaintiff or the defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more

3

witnesses on one side than on the other. Do not conclude a particular point just because more witnesses were testifying for one side on that point.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if, after considering all the other evidence, you believe that single witness. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that the testimony and evidence in the case have established.

There are two types of evidence to consider when properly determining the facts of a case. One is direct evidence, such as an eyewitness testimony. The other is indirect or circumstantial evidence, which involves a chain of circumstances

4

indicating the existence or absence of specific facts. Generally, the law makes no distinction between direct and circumstantial evidence; it simply requires that you find the facts based on a preponderance of all the evidence, both direct and circumstantial.

I remind you that it is your job to decide whether the plaintiff has proved his case. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

During the trial, I sustained objections to specific questions and answers during the witness's testimony. You must disregard these questions and answers and not speculate on what that witness might have said. Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law and my rulings, you should disregard anything I may have said or done during the trial in arriving at your own findings as to the facts.

This case should be considered and decided by you as a lawsuit between persons of equal standing in the community, and holding the same or similar stations in life, irrespective of position or title. In other words, a corporation is entitled to the same fair trial as an individual. The parties are equal before the law and must be treated as equals in a court of justice. Therefore, do not let bias, prejudice, or sympathy play any part in your deliberations. Our system of law does not permit

**5**

jurors to be governed by bias, prejudice, sympathy, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as you have sworn to do, as presented to you by the Court, and reach a just verdict regardless of the consequences.

<u>WITNESS NOT CALLED</u>

You have heard evidence that Toni Bianco, who was an employee, agent, or person under the control of the defendant, has not appeared to testify and was not made available to either party during this case.

If you find that Toni Bianco was peculiarly within the power of the defendant to produce and that the witness's testimony would have been material to the issues in this case, you may infer that the testimony of Toni Bianco would have been unfavorable to the defendant.

You are not required to draw this inference. You should consider all of the circumstances, including whether the witness was equally available to both parties, whether the testimony would merely have repeated other evidence, and whether the defendant has offered a satisfactory explanation for the witness's absence.

If you find that the defendant failed, without adequate explanation, to make this witness available, and that the witness's testimony would likely have been important to the issues in this case, then you may, but are not required to, infer that the missing testimony would have been adverse to the defendant.

6

## CLAIMS AND DEFENSES

The plaintiff asserts two claims – age discrimination and retaliation. He contends that his region outperformed the East in both sales and profits. He asserts that the defendant engaged in age discrimination, permitted discriminatory remarks by a decision-maker, and retaliated against him when he reported the same. He also contends that the defendant terminated him because of his age.

The defendant denies the plaintiff's claims and contends that the plaintiff was terminated as part of a Reduction-in-Force. It is unlawful for an employer to discriminate against an employee because of the employee's age.

To prove unlawful discrimination, the plaintiff must prove by a preponderance of the evidence that:

(1) he was terminated.

(2) he was 40 years or older when he was terminated; and

(3) his age was a motivating factor in the termination decision.

A "motivating factor" in an employment decision is a reason for deciding at the time it is made. There may be more than one motivating factor for an employment decision.

You may find that age was a motivating factor in the defendant's decision to terminate the plaintiff, even if there is no evidence of discriminatory bias on the part of the official decision-maker, if the plaintiff proves that another individual exhibited

7

such discriminatory bias and had leverage or exerted influence over the decision to terminate the plaintiff's employment. The plaintiff is not required to prove that the official decision-maker knew or should have known of the other individual's discriminatory bias.

If you find that the defendant's stated reason for its decision to terminate the plaintiff's employment is not the real reason but is a pretext for age discrimination, you may, but are not required to, find that the defendant would not have decided to terminate the plaintiff but for his age.

## RETALIATION CLAIM

It is unlawful for an employer to retaliate against an employee because he has opposed a discriminatory practice, such as age discrimination. Opposing age discrimination includes making an informal internal complaint of age discrimination.

To prove unlawful retaliation, the plaintiff must prove by a preponderance of the evidence that he was terminated because of his complaint(s) of age discrimination. In other words, the plaintiff must establish that if he had not complained of age discrimination, the defendant would not have terminated his employment when it did.

There may be more than one cause for an employment decision. The plaintiff does not have to establish that his complaint(s) of age discrimination was the sole cause of the defendant's decision to terminate him.

The plaintiff is not required to prove that there was actual age discrimination to succeed on his retaliation claim. Rather, he can prevail on his retaliation claim, regardless of the merit of his complaint, so long as he complained based on his reasonable good faith belief that age discrimination was occurring.

You may find that the defendant's decision to terminate the plaintiff was because of his complaint of age discrimination even if there is no evidence of retaliatory bias on the part of the official decision-maker, if the plaintiff proves that another individual exhibited such retaliatory bias and had leverage or exerted influence over the decision to terminate the plaintiff's employment. The plaintiff is not required to prove that the official decision-maker knew or should have known of the other individual's retaliatory motive.

If you find that the defendant's stated reason for its decision to terminate the plaintiff's employment is not the real reason but a pretext for retaliation, you may, but are not required to, find that the defendant would not have decided to terminate the plaintiff but for his complaint(s) of age discrimination.

9

## DAMAGES

If you find that the defendant violated the law on either or both of the plaintiff's claims, then you must determine whether the defendant has caused the plaintiff damages, and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether the plaintiff has proved liability.

The plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, the plaintiff does not need to prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages and no others: (1) the amount of back pay and benefits the plaintiff would have earned in his employment with the defendant if he had not been terminated from January 18, 2023 to the date of your verdict, minus the amount of earnings and benefits that the plaintiff received from employment during that time; (2) the amount of other damages sustained by the plaintiff, such as inconvenience and mental anguish and other noneconomic losses.

Back pay includes the amounts the evidence shows the plaintiff would have earned had he remained an employee of the defendant. These amounts include

**10**

wages, salary, commissions, bonuses, and retirement contributions. You must subtract the amounts of earnings and benefits, if the defendant proves, by a preponderance of the evidence, that the plaintiff received from subsequent employment.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate the plaintiff for the harm he has sustained. Do not include as actual damages interest on wages or benefits.

In this case, the plaintiff's supervisors and decision-makers were agents of Icon Burger Acquisition LLC, the defendant, and acted on behalf of Icon Burger Acquisition LLC.

## DELIBERATION

It is now your responsibility to discuss and collaborate to reach a verdict. Each of you must decide the case individually, but only after fairly considering the evidence with your fellow jurors. During your discussions, feel free to re-evaluate your opinions and change your mind if you realize you were wrong. However, do not abandon your honest beliefs simply because other jurors disagree or to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes you took are only aids to your memory. If your memory differs from your notes, trust your memory rather than the notes. The

notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence, and do not be unduly influenced by other jurors' notes. Notes do not have more weight than each juror's own memory or impression of the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you in the courtroom. Your verdict must be unanimous. Once you reach a unanimous decision, your jury foreperson must complete the answers to the written questions on the verdict form, then sign and date it. After you have finished your service and I have discharged the jury, you are not required to discuss the case with anyone.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the Court Security Officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose your numerical division on any question to anyone, not even to me.

You may now go to the jury room to start your deliberations.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THOMAS GABRIEL,            §
                               §
      Plaintiff,            §
                               §
v.                            §           CIVIL NO. 4:23-CV-02574
                               §
ICON BURGER ACQUISITION LLC,    §
                               §
      Defendant.         §

## VERDICT FORM

## INTERROGATORIES

**INTERROGATORY NUMBER ONE:** Was age a motivating factor in the defendant's decision to terminate the plaintiff? Answer "Yes" or "No."

ANSWER: _Yes_

**INTERROGATORY NUMBER TWO:** Did the defendant terminate the plaintiff because he complained of age discrimination? Answer "Yes" or "No."

ANSWER: _Yes_

**INTERROGATORY NUMBER THREE:** What sum of money, paid now in cash, would fairly and reasonably compensate the plaintiff for the damages, if any, you have found the defendant caused the plaintiff? Answer in dollars and cents for the following items:

1). For lost backpay and benefits, if any.

$ _400,000.00_

13

2). Past inconvenience and mental anguish, if any.

$ _750,000.00_

We, the jury, have answered the above and foregoing questions as herein indicated, and return the foregoing as our unanimous verdict to the Court.

_____

**FOREPERSON OF THE JURY**

**Signed on this** _19th_ **day of December 2025.**

**14**